**In re PETITION FOR DISCIPLINARY ACTION AGAINST Willie Herman DAVIS, a Minnesota Attorney, Registration No. 298384.**

**No. A07–1855.**

Supreme Court of Minnesota.

Oct. 17, 2007.

---

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Willie Herman Davis committed professional misconduct warranting public discipline, namely, felony driving while impaired, in violation of Minn. R. Prof. Conduct 8.4(b).

Respondent admits his conduct violated the Rules of Professional Responsibility, waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a 6–month suspension from the practice of law and seven years of unsupervised probation. The parties recommend that respondent's suspension be stayed on condition that respondent not engage in similar misconduct and abide by the terms of his probation.

The court has independently reviewed the file and approves the jointly recommended disposition.

Based on all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Willie Herman Davis is suspended from the practice of law for six months and is placed on unsupervised probation for a period of seven years. Respondent's suspension is stayed subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with his probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall comply with the terms of his criminal probation.

d. Respondent shall provide the Director with authorizations to monitor and receive reports regarding his compliance with his criminal probation, including biological fluid testing and home monitoring. Any positive read for ingested alcohol or mood-altering chemicals that are not prescribed by a physician or dentist will be grounds for revoking the stay of respondent's suspension from the practice of law.

e. Respondent shall, at his own expense, no more than four times per month, submit to random urinalysis for drug screening at a facility approved by the Director. These drug screenings shall be in addition to any screenings required by respondent's criminal probation. Respondent shall direct the drug screening facility to provide the results of all urinalysis testing to the Director's Office. If, after six months, all such tests have been negative, then the frequency of the random tests may be reduced or terminated at the Director's discretion. Respondent shall cooperate with the phone-in program established by the Director for the random tests. Any failure to phone-in in accordance with the random test program shall be considered the same as a positive test result. Any positive test shall be grounds for revoking the stay of respondent's suspension from the practice of law.

f. Respondent shall, by the tenth day of each month, without a specific reminder or request, submit to the Director an attendance verification for Alcoholics Anonymous, or any other treatment program required under the terms of respondent's criminal probation, on a form supplied by the Director that provides the name, address, and telephone number of the person personally verifying respondent's attendance.

g. Should respondent be discharged from his criminal probation before the seven year period imposed in the district court's February 28, 2007, sentencing order, the Director may in his discretion reduce the duration of respondent's disciplinary probation in accordance with respondent's discharge by community corrections.

Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/Helen M. Meyer
Associate Justice