**In re Petition for DISCIPLINARY ACTION AGAINST Willie Herman DAVIS, Jr., a Minnesota Attorney, Registration No. 298384.**

No. A11–1089.

Supreme Court of Minnesota.

July 13, 2011.

---

ORDER

In October 2007, we suspended respondent Willie Herman Davis, Jr., from the

practice of law for six months following his felony conviction for driving while impaired. *In re Davis*, 740 N.W.2d 568, 568 (Minn.2007). We stayed respondent's suspension on condition that, among other things, respondent comply with the terms of his criminal probation and maintain total abstinence. *Id.* at 568–69. And we placed respondent on unsupervised disciplinary probation for a period of seven years. *Id.* at 568.

The Director of the Office of Lawyers Professional Responsibility has filed a petition for revocation of respondent's disciplinary probation and for further disciplinary action, following respondent's January 2010 conviction of felony operating under the influence and the violation of respondent's criminal probation. Respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and admits that his conduct violated Rule 8.4(b) of the Minnesota Rules of Professional Conduct and our October 2007 order. The parties jointly recommend that the appropriate discipline is suspension from the practice of law for six months followed by a continuation of respondent's disciplinary probation. The parties further recommend that four months of the disciplinary suspension be stayed.

Our October 2007 order suspending respondent for a period of six months expressly conditioned the stay of that suspension upon respondent's compliance with his criminal probation and demonstrated abstinence. Respondent having failed to comply with the terms of our October 2007 order, we revoke the stay of respondent's disciplinary probation and suspend respondent for a minimum of two months. Respondent having violated Minn. R. Prof. Conduct 8.4(b), we suspend respondent for a minimum of two months, to run concurrently with the suspension imposed after

revocation of the stay of respondent's 2007 discipline.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent is suspended from the practice of law for a minimum of two months, effective 14 days from the date of filing of this order. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals). Respondent shall pay costs in the amount of $900 pursuant to Rule 24(d), RLPR.

IT IS FURTHER ORDERED that respondent may be reinstated to the practice of law upon the expiration of the suspension period provided that, no less than 15 days before the end of the suspension period, respondent serves upon the Director of the Office of Lawyers Professional Responsibility and files with the Clerk of Appellate Courts an affidavit demonstrating that respondent is current in continuing legal education requirements, has paid costs required by Rule 24(d), RLPR, has complied with the notice requirements of Rule 26, RLPR, has complied with the terms of our October 2007 order during the suspension period, and has complied with all other conditions of reinstatement. Upon reinstatement, the balance (if any) of respondent's 2007 suspension (reduced by the period that respondent is actually suspended pursuant to the terms of this order) shall again be stayed, subject to respondent's compliance with the terms of our October 2007 order. Upon reinstatement, respondent shall continue to be subject to the terms of probation set forth in our October 2007 order through the end of the probation period.

IT IS FURTHER ORDERED that within one year of the date of filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director of the Office of Lawyers Profes-

sional Responsibility proof of successful completion of the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension, pending successful completion of the examination, pursuant to Rule 18(e)(3), RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice