In re Petition for DISCIPLINARY AC-
TION against Willie Herman DAVIS,
Jr., a Minnesota Attorney, Registra-
tion No. 298384.

No. A13–1548.

Supreme Court of Minnesota.

May 8, 2014.

## ORDER

In October 2007, we suspended respondent Willie Herman Davis, Jr., for 6 months after he was convicted of felony driving while impaired (DWI). *In re Davis (Davis I)*, 740 N.W.2d 568, 568 (Minn.2007) (order). We stayed the suspension, subject to several conditions, including that respondent maintain total abstinence and abide by the rules of professional conduct, and placed him on probation for 7 years. *Id.* at 568–69.

After respondent received a second felony DWI conviction, we revoked the stay of his disciplinary probation and suspended him for a minimum of 2 months because he violated the conditions of our 2007 order. *In re Davis (Davis II)*, 799 N.W.2d 602, 603 (Minn.2011) (order). We also suspended respondent for a minimum of 2 months, to run concurrently with the suspension imposed after revocation of the stay of respondent's 2007 discipline, because his second felony DWI was a criminal act that reflected adversely on his fitness to practice. *Id.*

We conditionally reinstated respondent to the practice of law on October 13, 2011, and placed him on unsupervised probation until October 17, 2014. *In re Davis (Davis III)*, 805 N.W.2d 12, 12 (Minn.2011) (order). We reduced the 6–month period of suspension imposed in 2007 by 79 days, which was the number of days respondent had been suspended, and we stayed the balance of the 2007 suspension subject to respondent's compliance with the conditions imposed by the October 17, 2007, order.[1] *Id.*

---

1. We also revoked respondent's conditional reinstatement on September 18, 2012, after he failed to file proof that he had successfully completed the professional responsibility por-

tion of the state bar examination. *In re Davis (Davis IV)*, 824 N.W.2d 634, 634 (Minn.2012) (order). When we reinstated respondent on December 20, 2012, we indicated that he

The Director of the Office of Lawyers Professional Responsibility has filed a petition for revocation of probation and for further disciplinary action alleging that respondent committed professional misconduct warranting public discipline. The petition alleges that, while on disciplinary probation, respondent made false statements to a court and failed to pay a law-related judgment, in violation of Minn. R. Prof. Conduct 3.3(a)(1), 4.1, and 8.4(c) and (d). Respondent admits the allegations of the petition, withdraws the answer he previously filed, and waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR). The parties jointly recommend that the appropriate discipline is a 60–day suspension followed by a 7–year period of disciplinary probation.

On February 12, 2014, we issued an order to show cause directing the parties to file memoranda addressing why respondent should not be subject to more severe discipline because he committed his most recent acts of professional misconduct while on disciplinary probation and this was the second time respondent committed misconduct while on disciplinary probation. *In re Davis*, No. A13–1548, Order at 4 (Minn. filed Feb. 12, 2014). We also ordered the parties to address the impact respondent's most recent misconduct should have on respondent's stayed suspension. *Id.* at 4–5. Only the Director filed a memorandum in response to our order to show cause.

By committing the acts of misconduct alleged in the most recent disciplinary petition, respondent has for a second time violated the conditions required to maintain the stayed suspension we imposed in 2007. Because respondent has failed to comply with the terms of our October 2007 order, we revoke the stay of respondent's disciplinary probation and suspend respondent for 60 days. Because respondent has also violated Minn. R. Prof. Conduct 3.3(a)(1), 4.1, and 8.4(c) and (d), we suspend respondent for a minimum of 60 days, to run consecutively with the suspension imposed after revocation of the stay of respondent's 2007 discipline.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Willie Herman Davis, Jr., is suspended from the practice of law for a minimum of 120 days, effective 14 days from the date of the filing of this order;

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals). Respondent shall pay costs in the amount of $900 pursuant to Rule 24(d), RLPR;

3. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, no less than 15 days before the end of the suspension period, respondent serves upon the Director and files with the Clerk of Appellate Courts an affidavit demonstrating that respondent is current in continuing legal education requirements, has paid costs required by Rule 24(d), RLPR, has complied with the notice requirements of Rule 26, RLPR, has complied with the terms of our October 2007 order during the suspension period, and has complied with all other conditions of reinstatement;

4. Within 1 year of the date of the filing of this order, respondent shall file

continued to be on probation until October 17, 2014, subject to the conditions of the court's

October 17, 2007, order. *Id.*

with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the professional responsibility portion of the state bar examination. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR; and

5. Upon reinstatement to the practice of law, respondent shall be subject to probation for 7 years, subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation;

b. Respondent shall abide by the Minnesota Rules of Professional Conduct; and

c. Respondent shall continue to comply with the terms of his criminal probation, including, among other things, total abstinence from alcohol and other mood-altering chemicals.

BY THE COURT:

/s/Alan C. Page
Associate Justice